UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELO JOSE ZABALETA RENGEL,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CENTRAL VALLEY ANNEX DETENTION FACILITY,<br><br>Respondent. | No. 1:26-cv-07467-DAD-SCR (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF *HABEAS CORPUS*, GRANTING PETITIONER'S MOTION TO PROCEED *IN FORMA PAUPERIS*, AND DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AND MOTION TO APPOINT COUNSEL AS MOOT<br><br>(Doc. Nos. 1, 2, 3, 4) |

On September 15, 2026, petitioner, proceeding *pro se*, filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 challenging his detention by Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion to proceed *in forma pauperis* (Doc. No. 2), a motion for temporary restraining order seeking his immediate release from custody (Doc. No. 3), and a motion to appoint counsel (Doc. No. 4). On September 17, 2026, the court set a briefing schedule on the pending motion for temporary restraining order and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc.

/////

No. 7.) Respondent was further directed to state any opposition that he had to the court's stated intention to rule on the underlying petition based on the current briefing before it as well as to provide substantive reasons in support of its position in this regard in its opposition. (*Id.*)

On September 18, 2026, respondent filed an answer and opposition to petitioner's petition for writ of *habeas corpus* and motion for temporary restraining order. (Doc. No. 8.) In that opposition, although respondent concedes that this case is not distinguishable from the cases cited in the court's order because, respondent nevertheless argues that petitioner is subject to mandatory detention pursuant to pursuant to 8 U.S.C. § 1225(b) insofar as he is an "arriving alien who entered a [sic] port of entry." (*Id.* at 1–2.) Petitioner argues that he has not been provided a custody redetermination hearing but concedes he accepted an order of voluntary departure. (Doc. No. 14 at 1–2.) Respondent argues that petitioner's order for voluntary departure cannot be effectuated "while the Court's stay is in place." (Doc. No. 8 at 2.) Respondent has not indicated any opposition to this court ruling directly on the merits of the underlying petition. Accordingly, the court will rule directly on the merits of the petition based upon the briefing presently before it.

Based upon the parties' briefing, the court finds the following facts. Petitioner is a native and citizen of Venezuela who applied for admission to the United States on or about August 7, 2024, at the San Ysidro, California Port of Entry under the CBP-1 program. (Doc. Nos. 8-1 at 2; 1 at 5.) On that same date, immigration officials placed petitioner into removal proceedings through the issuance of a notice to appear. (Doc. No. 8-2 at 1–4.) Thereafter, immigration officials released petitioner. Almost two (2) years later, on or about July 25, 2026, petitioner was subsequently encountered by immigration officials following an arrest for a criminal violation. (Doc. No. 8-1 at 2.) As a result, petitioner was detained. (Doc. No. 8-2 at 1–4.) There is no indication that petitioner was provided advance notice or a hearing before ICE re-detained him.[1]

During the subsequent removal proceedings, the government moved to dismiss the case based upon an agreement with the petitioner to voluntarily depart the United States. (Doc. No. 8-

[1] Respondent has not provided any evidence that petitioner received a custody determination form (Form I-286) or Warrant for Arrest of Alien (Form I-200) from the Department of Homeland Security on the same day he was re-detained. (Doc. No. 8.) Thus, it does not appear that notice was provided to petitioner before he was re-detained.

3 at 1–3.) On August 11, 2026, an immigration judge granted the government's motion, and the removal proceedings were dismissed. (Doc. No. 8-4 at 1–2.) According to the form I-213, petitioner "waive[d] his right to a hearing before the Immigration Court," and "wishe[d] to return to his home country as soon as arrangements can be made to effect departure." (Doc. Nos. 8-1 at 2; 14 at 3–4; 13-1 at 1.) In his initial filing, petitioner failed to disclose to the court his prior agreement to voluntarily depart the United States. (Doc. No. 1.) In response to the court's request for clarification regarding this omission (Doc. No. 10), petitioner indicated that he assumed that he would be removed in compliance with the voluntary departure request. (Doc. No. 14 at 1–2.) Petitioner does not dispute that he requested voluntary departure or otherwise argue that the agreement was improper or obtained by coercion or duress. (*Id.*)

A routine check of the Immigration Court Automated Case Information System ("ACIS") confirms that on August 11, 2026, an immigration judge ("IJ") dismissed removal proceedings.[2] (*See* Automated Case Information System, *available at:* https://acis.eoir.justice.gov/en/). The ACIS system further reflects that neither party filed an appeal (*id.*) and the order dismissing the case is now final. *Ocampo v. Holder*, 629 F.3d 923, 926 (9th Cir. 2010) (noting that "a removal order is final only upon the earlier of (i) a BIA determination affirming the order or (ii) the expiration of the deadline to seek the BIA's review of the order."); *see also* 8 C.F.R. § 1003.3, 1003.38 (providing that, with limited exceptions, where an IJ has rendered a decision, appeals are due within 30 calendar days of the IJ's decision).

Title 8 U.S.C. § 1225(b)(1) creates certain detention regimes for "aliens arriving in the United States and certain other aliens who have not been admitted or paroled." 8 U.S.C. § 1225(b)(1). "[T]hat section, by its terms, does not apply to noncitizens who have been continuously present in the United States for, 'the 2-year period immediately prior to the date of the determination of inadmissibility.'" *Ramos v. Warden, Cal. City Corr. Ctr.*, No. 2:26-cv-

[2] The court takes judicial notice of the date of the IJ's order. *See Gahuin Aisalla v. Noem*, No. 1:26-cv-1744-DJC-CSK, 2026 WL 1113793, at *1 (E.D. Cal. Apr. 24, 2026) (taking judicial notice of an appeal pending before the BIA based on a search of the EOIR's automated case information system), *report and recommendation adopted*, No. 1:26-cv-1744-DJC-CSK, 2026 WL 1215602 (E.D. Cal. May 4, 2026).

01026-DAD-JDP, 2026 WL 836368, at *2 (E.D. Cal. Mar. 26, 2026). Here, it is undisputed that petitioner was paroled into the United States over two (2) years ago (Doc. No. 8-2 at 1), and nothing before the court suggests that petitioner has not been continuously present in the United States for the past two (2) years. (Doc. No. 8-1 at 1–3.) Thus, the court finds that petitioner is not subject to detention under section 1225(b)(1). *See Pablo Sequen v. Kaiser*, 800 F. Supp. 3d 998, 1101 (N.D. Cal. 2025) (holding that § 1225(b)(1) could not apply to the petitioner who had entered the United States more than two years prior and had been continuously present in the country since that entry).

Additionally, respondent argues that petitioner is detained pursuant to section 1225(b) and that *Rodriguez-Vasquez v. Bostock*, 184 F.4th 1160 (9th Cir. 2026) authorizes petitioner's detention. (Doc. No. 8 at 1.) However, respondent concedes that this case is not substantively distinguishable from those cited in the court's September 17, 2026, minute order (Doc. No. 7) and the records show that petitioner was previously paroled into the United States on August 7, 2024. (Doc. No. 8-1 at 1–3.)

In light of petitioner's prior release from immigration detention on parole, petitioner was entitled to notice and pre-deprivation process prior to his re-detention, which were not provided in this case. *See Fane v. Warden,* No. 1:26-cv-07879-DAD-SCR, 2026 WL 2970720 (E.D. Cal. Oct. 2, 2026); *see also Jean v. Mullin*, No. 1:26-cv-08027-DAD-AC, 2026 WL 3034291 (E.D. Cal. Oct. 9, 2026). Accordingly, the court rejects respondent's position that § 1225(b) applies in this case given petitioner's prior release from immigration detention on parole.

Further, notwithstanding the evidence regarding the custody determination decision made on July 27, 2026, to the extent that petitioner was not provided advanced notice or a pre-detention hearing before ICE re-detained him, petitioner is entitled to immediate release. *Chavarria v. Chestnut*,[3] No. 1:25-cv-01755-DAD-AC, 2025 WL 3533606, at *2–5, (E.D. Cal. Dec. 9, 2025) (concluding that the re-detention of a noncitizen who was previously paroled into the United

[3] As noted above, respondent concedes that this case is not substantively distinguishable from the cases identified in the court's order setting a briefing schedule on petitioner's motion. (Doc. No. 8 at 1.) The Court observes that *Chavarria* is among the cases listed in the court's prior order and involves a noncitizen, like petitioner here, who was previously released on parole.

States pursuant to 8 U.S.C. § 1182(d)(5) without notice or a pre-detention hearing violated due process); *Florez v. Robbins*, No. 1:25-cv-01897-CSK, 2026 WL 593101, at *2–5 (E.D. Cal. Mar. 3, 2026) (reaching the same conclusion as to a petitioner who was previously released on parole pursuant to § 1226(a) and subsequently re-detained without notice and a pre-detention hearing).

Finally, the court observes that removal proceedings have been completed and there is nothing now pending before the immigration courts. Thus, neither § 1225(b) nor § 1226(a) authorize petitioner's continued detention. *See Giancarlo A.M. v. California City Warden,* No. 1:26-cv-4036-TLN-CSK, 2026 WL 2836725, at *2 (E.D. Cal. Sept. 22, 2026) ("[W]ithout a valid NTA initiating removal proceedings against a noncitizen, the noncitizen is not pending a decision on whether they are to be removed, and the government has no authority under § 1226(a) to arrest and detain them.")

For the reasons stated above,

1. Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is GRANTED as follows:
    a. Respondent is ORDERED to immediately release petitioner Angelo Jose Zabaleta Rengel, A-File No. 244-657-575, under the same conditions he was subject to, if any, prior to re-detaining him on or about July 27, 2026;[4]
2. Petitioner's motion to proceed *in forma pauperis* (Doc. No. 2) is GRANTED;
3. Petitioner's motion for temporary restraining order (Doc. No. 3) and motion to appoint counsel (Doc. No. 4) are DENIED as having been rendered moot by this order granting habeas relief;
4. The Clerk of the Court is directed to serve the Central Valley Annex Detention Center with a copy of this order; and

/////

/////

---

[4] Nothing in this order is to be construed as preventing the government from carrying out its agreement with petitioner to voluntarily return to his home country, or placing such restrictions the government deems appropriate to ensure petitioner's departure from the United States, with the exception of his detention. *See* 8 C.F.R. § 240.25(b)

5. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated: **November 13, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE